CITY OF DAYTON, APPELLEE, *v.*
GLISSON, APPELLANT.

(No. 9977 — Decided May 27, 1987.)

*Vincent Popp,* city prosecutor, and *Kim Wilson,* for appellee.

*Kurt Portmann,* county public defender, for appellant.

FAIN, J. Defendant-appellant Joan Glisson appeals from her conviction for telephone harassment in violation of Dayton Revised Code of General Ordinances 137.03.

Pamela Ashwal ("Ashwal") and her husband resided in an apartment complex of which Glisson was the manager. Ashwal testified that the day she and her husband moved into the apartment, in January 1986, she gave her telephone number, along with other information, to Glisson. The telephone number was the same number that the Ashwals had had at their prior residence.

On cross-examination, Ashwal testified that Glisson did not like her because of Ashwal's repeated complaints about insufficient heat in the apartment, but this appears to have been nothing more than a conclusion on Ashwal's part that because she had complained repeatedly, therefore Glisson must not have liked her. Ashwal's earlier testimony, on direct, that Glisson did not like Ashwal or her religion was properly stricken as having been conclusory.

The day she moved in, Ashwal began receiving anonymous telephone calls, occurring as often as several times a day. If the caller reached Ashwal's husband, the caller stayed on the line for a while, but without speaking. If the caller reached Ashwal, the caller hung up immediately.

After several months of these telephone calls, Ashwal contacted the telephone company and made arrangements for a computerized "trap" to be placed on her line. Ashwal also started keeping a log of the dates and times that the calls occurred.

On March 20, 1986, while the computerized "trap" was in effect, Ashwal received three "hang-up" calls at 7:30, 9:00, and 11:00 p.m. Ashwal recorded these calls in her log. The printout from the computerized "trap" indicated that each of those three telephone calls came from a telephone line with respect to which Tim A. West was the "primary subscriber," to whom monthly bills were sent, and Glisson was the "secondary subscriber."

Glisson was tried without a jury and found guilty.

Glisson's sole assignment of error is as follows:

"The trial court erred as a matter of law by overruling appellant's motion for acquittal and entering a judgment of conviction for telephone harassment

in violation of R.C.G.O. 137.03, where there is no evidence on the record identifying appellant as the caller, which is necessary for a criminal conviction for that offense."

Glisson, who exercised her constitutional right not to testify on her own behalf, contends that the prosecution's evidence proves, at most, that harassing telephone calls were made from the telephone line which listed her as a "secondary subscriber" and that there was a failure of proof, beyond a reasonable doubt, that it was Glisson who had made the harassing telephone calls.

The prosecution argues that the telephone trap proves that the harassing calls were made from the telephone line with respect to which Tim West was the primary subscriber and Glisson was the secondary subscriber, and that proof of the ill will existing between Glisson and Ashwal was sufficient to establish, beyond a reasonable doubt, that it was Glisson, not West, who had made the harassing telephone calls.

The existence of ill will between Ashwal and Glisson, the evidence for which was quite weak, is in the nature of evidence of a motive for Glisson to have made harassing telephone calls to the Ashwal residence.

"The proper part that evidence of motive may be made to play, in a criminal trial, is to remove the uncertainty arising from the want of such evidence. Its importance for this purpose is unquestioned; especially, when, as in this case, the State must rely upon circumstantial evidence alone; but it cannot be used as affirmative proof that this building was set on fire by the defendant.

"Because of the assumption that all responsible human action is voluntary, and is caused and guided by self-interest, the question of motive necessarily forces itself upon the mind in the investigation of every alleged criminal act.

"It is only, however, when such act is established by other evidence, that the question of motive can be applied to give corroboration and assurance to the conclusions drawn from other evidential facts." *Gawn* v. *State* (1896), 13 Ohio C.C. 116, 127, 7 Ohio C.D. 19, 25.

See, also, 27 Ohio Jurisprudence 3d (1981) 423-425, Criminal Law, Section 1148.

The evidence presented by the prosecution established, at most, that the harassing telephone calls were placed by one of the two subscribers of the telephone line from which the harassing calls were placed. The only evidence besides evidence of motive (and weak evidence of motive, at that) to establish Glisson as the one of those two subscribers who actually made the harassing phone calls was the circumstantial evidence that the calls began the day the Ashwals moved in.[1] In view of the fact that the Ashwals kept their old telephone number when they moved in, and in the absence of any evidence that the Ashwals' telephone number was unlisted, we conclude that the fact that harassing telephone calls began the day the Ashwals moved in, even when considered in conjunction with Ashwal's conclusion that Glisson did not like her,

---

[1] The prosecutor also sought to show that there was a two-week hiatus during which there were no harassing telephone calls, and that this corresponded to the dates of a trip that Glisson had made to California. However, this testimony was stricken.

was insufficient to sustain a conviction for the offense charged.

We realize that our holding in this case presents serious difficulties to the prosecution of telephone harassers who make harassing calls without speaking. We conclude, however, that that is a necessary consequence of the reasonable doubt standard of proof.

Glisson's sole assignment of error is sustained, the judgment of the trial court will be reversed, and Glisson will be discharged.

*Judgment reversed.*

WILSON and BROGAN, JJ., concur.