[Cite as *State v. Reber*, 2012-Ohio-2712.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-107 & 11-CA-117 |
| PAMELA REBER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 11-CRB-00410


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    June 13, 2012


APPEARANCES:

For Appellant:

ANDREW T. SANDERSON
21 West Church Street
Suite 201
Newark, OH 43055

For Appellee:

TRICIA M. MOORE
Assistant Law Director
40 W. Main St.
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant Pamela Reber appeals from the judgment of the Licking County Municipal Court finding her guilty of three counts of violation of a civil protection order.

*FACTS AND PROCEDURAL HISTORY*

{¶2}   Reber and Charles Smitley have known each other for ten or eleven years, dated on and off during that time, and were married for a little over a year and a half.  Their marriage ended on July 19, 2011, after Reber filed for divorce.

{¶3}   Prior to the divorce, however, the relationship was fraught.  Smitley sought and obtained a civil protection order against Reber on January 27, 2011, and the final order was filed on February 28, 2011.  Reber was served with the temporary civil protection order on January 31, 2011, and with the final civil protection order on March 1, 2011.  At trial, the parties stipulated that a valid protection order was in effect on behalf of Smitley.

{¶4}   Reber was charged with three counts of violation of a civil protection order pursuant to R.C. 2919.27 for three contacts with Smitley.  The following facts were adduced at the bench trial.

{¶5}   On February 11, 2011, Smitley received a text from phone number 740-294-0498, which he recognized as Reber's number.  The text stated "Hi wanna talk?"

{¶6}   On February 14, 2011, Smitley received another text from number 294-0498.  This text contained an image of a heart with "devil's horns" on it.  It also stated "Hope uall have nice Valentine's Day.  Confussed (*sic*)."

{¶7}   On February 24, 2011, Smitley and his friend Charles Wheeler drove to a muffler shop.  Wheeler told Smitley there was a "nut" behind them because he noticed someone driving fast, passing another car.  Smitley looked out the window and saw Reber following them in her car, a distinctive blue Pontiac, yelling out her window.  According to Smitley, this incident happened sometime mid-day, probably between eleven a.m. and one p.m.

{¶8}   Smitley reported each of these incidents to the police, and officers photographed the text messages.

{¶9}   Several witnesses testified on behalf of Reber.

{¶10} Julia Burley, her supervisor, testified Reber worked on February 24, 2011, from 10 a.m. to 6 p.m.  Appellant's work that day included taking a mental health client to a doctor's appointment in Columbus at 11:30 a.m.  Burley stated Reber brought back paperwork from the appointment establishing she was there.  On cross-examination, Burley stated Reber's time sheet shows her times in and out of the office. There is no time stamp or clock; Reber writes in her arrivals and departures.

{¶11} Nathan Bush, Reber's son, testified he was with his mother and one of her clients at "KFC" on Valentine's Day, and he didn't see his mother call or text anyone because she didn't have her phone out at the restaurant.  Bush did confirm 294-0948 is his mother's telephone number.

{¶12} Reber testified on her own behalf.  She denied texting Smitley on February 11 and February 14.  Regarding the February 24 incident, Reber stated she picked up her client for the appointment in Columbus.  She added, though, that she

saw Charles Wheeler that morning, by the muffler shop, and she drove by and said "hi." Reber denied seeing Smitley with Wheeler.

{¶13} At the conclusion of the bench trial, the trial court found Reber guilty as charged, noting the evidence demonstrated the text messages came from Reber's phone and she admitted she was outside the muffler shop on February 24. The trial court held the state had established Reber was reckless as to being near Smitley. The court further noted the text incidents were the least serious forms of the offense and sentenced Reber to a fine of fifty dollars plus court costs on each count. On the third count, for the February 24 run-in at the muffler shop, Reber received a fine of $100 plus court costs, and 30 days in jail with all 30 suspended on the condition that she has no further contact with Smitley.

{¶14} Reber appeals from the judgment entry of her convictions for three counts of violation of civil protection order.

{¶15} Reber raises three assignments of error:

{¶16} "I.  THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE 'TEXT MESSAGE' OFFENSES."

{¶17} "II.  THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE FEBRUARY 24, 2011 OFFENSE."

{¶18} "III.  THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BELOW."

I., II., III.

{¶19} In her three assignments of error, appellant challenges the sufficiency and weight of the evidence at trial. These assignments of error will therefore be considered together.

{¶20} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶21} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, at 387, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of

the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶22} We further note issues relating to the credibility of witnesses and the weight to be given to the evidence are primarily for the trier of fact. *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). In the instant case, the trier of fact was the trial court.

{¶23} Appellant was found guilty of three counts of violation of protection order pursuant to R.C. 2919.27(A)(1). That section states, "No person shall recklessly violate the terms of any of the following: [a] protection order issued * * * pursuant to section * * * 3113.31 of the Revised Code." "Recklessly" is defined by R.C. 2901.22(C):

> A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶24} First, Reber argues that the state presented insufficient evidence the text messages came from Reber; she asserts further investigation should have been done, such as calling the number to demonstrate whether Reber answered, or obtaining "records" to show a link between Reber and the number. We disagree, and find the state presented sufficient evidence the text messages originated from Reber. Smitley recognized the number as Reber's. While Reber wants to "deal[] only with the

government's case in chief and not the testimony and evidence offered by the defense to counter the same," we note Reber's son testified 294-0498 was his mother's number and Reber herself testified the number was hers, although she claimed to have given the phone away.

{¶25} Reber points to the decision of the Second District Court of Appeals in *Dayton v. Glisson*, 36 Ohio App.3d 159, 521 N.E.2d 853 (2nd Dist.1987), in which the court found insufficient evidence of telephone harassment where there were two subscribers to a line from which anonymous, silent calls were placed. In the instant case, however, we note the context of the texts themselves relates to the relationship between Reber and Smitley, and there was sufficient evidence the texts originated from Reber's phone. In other words, Reber did not successfully rebut the inference she texted Smitley. *See, State v. Thornstenson*, 5th Dist. No. 92-CA-05, 1992 WL 207031 (Aug. 24, 1992), appeal dismissed, 65 Ohio St.3d 1489 (1993), at *2.

{¶26} Reber also maintains insufficient evidence exists she was reckless with regard to the February 24 incident. The terms of Smitley's protection order include, e.g.:

* * * .

6. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order and not be present within 500 feet (distance) of any protected persons wherever those protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, **even with Petitioner's permission.** If Respondent accidentally comes in contact with protected persons in any public or private

place, Respondent must depart *immediately*.  This Order includes encounters on public and private roads, highways, and thoroughfares.  [NCIC 04]

7.  **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this order or their residences, businesses, places of employment, schools, day care centers, or child care providers.  Contact includes, but is not limited to, telephone, fax, e-mail, voice mail, delivery service, writings, or communications by any other means in person or through another person.  Respondent may not violate this order **even with the permission of protected person.**  [NCIC 05]

\* \* \*.

(Emphasis in original.)

We find sufficient evidence exists appellant was reckless with regard to violation of the protection order on February 24, 2011.  By Reber's own testimony, she was present outside the muffler shop and drove by yelling out the window.

{¶27} Having weighed the record, we find there was sufficient evidence, if believed by the finder of fact, to establish appellant violated the protection order on each of the indicated dates.  As a reviewing court, we will not reverse a verdict where there is substantial evidence presented which, if believed, could reasonably convince the finder of fact that all elements of the offense have been proven beyond a reasonable doubt.

{¶28} Appellant's three assignments of error are overruled and the judgment of the Licking County Municipal Court is affirmed.


By: Delaney, P.J.

Hoffman, J. and

Edwards, J. concur.


_____
 HON. PATRICIA A. DELANEY


_____
 HON. WILLIAM B. HOFFMAN


_____
 HON. JULIE A. EDWARDS

[Cite as *State v. Reber*, 2012-Ohio-2712.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PAMELA REBER | : | |
| | : | |
| | : | Case No. 11-CA-107 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Municipal Court is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                                       :
            Plaintiff-Appellee         :
                                       :
-vs-                                   :      JUDGMENT ENTRY
                                       :
PAMELA REBER                           :
                                       :
                                       :      Case No. 11-CA-117
            Defendant-Appellant        :


For the reasons stated in our accompanying Opinion on file, the judgment of the

Licking County Municipal Court is affirmed.  Costs assessed to Appellant.




                                    _____
                                    HON. PATRICIA A. DELANEY



                                    _____
                                    HON. WILLIAM B. HOFFMAN



                                    _____
                                    HON. JULIE A. EDWARDS